IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:17-CV-3177-N (BT) |
| TRAVIS RENE PITRE, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this civil action arising out of foreclosure proceedings initiated against certain real property located in Dallas, Texas, is a Motion for Summary Judgment (ECF No. 12), filed by Plaintiff Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5 ("Wells Fargo" or the "Bank"). For the reasons stated, the Bank's summary judgment motion should be GRANTED.

**Background**

On July 12, 2007, Defendants Travis Rene Pitre and Joe Wilmoth a/k/a Joseph G. Wilmoth obtained a home equity loan (the "Loan") from Dallas Home Loans, Inc. In connection with the Loan, Defendants executed a Texas Home Equity Note (the "Note") and a Texas Home Equity Security Instrument (the

1

"Deed of Trust").  Pl.'s App. 6-10 & 12-47 (ECF No. 14). The Note provides that if Defendants default on their Loan payments or fail to perform any agreement set forth in the Note, the lender can elect to accelerate the Note, making the unpaid balance immediately due and payable. Pl.'s App. 7. The Deed of Trust secures the repayment of the Note, creates a lien against certain real property owned by Defendants in Dallas, Texas (the "Property"), and includes a power of sale provision. Pl.'s App. 38, 40.

Dallas Home Loans, Inc., the original lender and beneficiary under the Deed of Trust, transferred the Loan to Option One Mortgage Corporation, as set forth in the Texas Home Equity Assignment of Security Instrument recorded in the Dallas County real property records. Pl.'s App. 62-65. Thereafter, the Loan was securitized, and Sand Canyon Corporation f/k/a Option One Mortgage Corporation transferred the Note and Deed of Trust to Wells Fargo, as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5, as set forth in a Corporate Assignment Deed of Trust and a Corrective Assignment of Deed of Trust recorded in the Dallas County real property records. Pl.'s App. 67-68 & 70-75. The original lender, Dallas Home Loans, Inc., indorsed the Note to Option One Mortgage Corporation, and in an Allonge to the Note, Option One indorsed the Note in blank. Pl.'s App. 9, 10. The Bank is the holder in due course of the Note. Pl.'s App. 4.

Defendants defaulted on the Loan, and the Bank initiated foreclosure proceedings against the Property. On May 12, 2012, the Bank sent Defendants a Notice of Default and Intent to Accelerate; on December 26, 2012, the Bank sent Defendants a Notice of Acceleration. Def.'s App. 44, 46 (ECF No. 15).

On March 1, 2016, Defendant Pitre filed for bankruptcy. Pl.'s App. 103-93. In his voluntary petition, Pitre scheduled the Property as the subject of an undisputed secured claim in the amount of $497,093.00. Pl.'s App. at 127. Pitre received a discharge on the basis of that schedule. Pl.'s App. 200-01. On May 20, 2016, the bankruptcy court entered an Order granting an unopposed motion for relief from the automatic stay regarding the Property, filed by the Bank's servicer, Ocwen Loan Servicing LLC. Pl.'s App. 195-96. The Bank sent Defendants another Notice of Default on May 26, 2016. Pl.'s App. 86. Pitre was discharged from bankruptcy on June 2, 2016. Pl.'s App. 200.

The Bank filed this civil action in federal court on November 20, 2017, asserting a claim for breach of contract and seeking a judicial foreclosure against the Property as its remedy for the breach. Compl. (ECF No. 1). Defendant Pitre, proceeding *pro se*, filed an answer on December 27, 2017, asserting the following affirmative defenses: (1) statute of limitations; (2) *res judicata*/claim preclusion; (3) failure to state a claim for relief; (4) unclean hands; (5) non-negotiable note; and (6) lack of jurisdiction. Answer 2-7 (ECF No. 6). Defendant Wilmoth did not contest the Bank's claims or the foreclosure. Pl.'s Br. 3 n.1 (ECF No. 13).

Accordingly, the District Court signed an Agreed Judgment as to Defendant Wilmoth on January 8, 2018. Agreed J. (ECF No. 10).

Thereafter, the Bank filed the pending summary judgment motion against Defendant Pitre. Pl.'s Br. 3 n.1. By its motion, the Bank argues that it is entitled to summary judgment on its breach of contract claim and is entitled to foreclose on its lien as its sole remedy for Defendants' breach of contract. Pl.'s Br. 6. The Bank also seeks summary judgment on Pitre's affirmative defenses. Pl.'s Br. 8-19. In response, Pitre contends that the Bank is not entitled to foreclose because it cannot prove it is the owner of the Loan or that it has authority to foreclose on the Property. Def.'s Resp. 8 (ECF No. 15). Pitre further argues that the Bank's claim for judicial foreclosure is barred by limitations. The issues have been fully briefed, and the summary judgment motion is ripe for adjudication.

## Legal Standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant

4

meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing R*agas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). The court is under no duty to "sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## Analysis

To prevail on its breach of contract claim, the Bank must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendants; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (citations omitted). In this case, the Bank adduced uncontroverted summary judgment evidence showing Defendants

5

obtained the Loan from the Bank, which Loan they promised to repay, as evidenced by the Note and secured by the Deed of Trust. Pl.'s App. 6-9; *see also* Ans. ¶ 7. Pitre also judicially admitted in his bankruptcy filings that the Bank has secured claim against the Property in the amount of $497,093.00, by virtue of the Note and Deed of Trust. Pl.'s App. 127. The Bank further adduced evidence that it performed its contractual obligations under the Loan to provide Defendants notice of default and an opportunity to cure prior to accelerating the Loan's maturity, *see* Pl.'s App. 38, and that it properly accelerated the Loan's maturity, *see* Pl.'s App. 77-92. The Bank also adduced evidence that the Loan is in default. Pl.'s App. 77-92. Finally, the Bank adduced evidence of damages, in that Defendants failed to make the Loan payments as required by the Note. *See id.* The Bank therefore has satisfied its initial summary judgment burden on its breach of contract claim.

Pitre objects to the affidavit executed by Donealia Wilson, offered in support of the Bank's summary judgment motion, as "without merit" because it is not based on personal knowledge. Def.'s Resp. 12. Pitre contends that Wilson, a Contract Management Coordinator at Ocwen Loan Servicing, LLC ("Ocwen"), lacks personal knowledge to testify about the Loan documents because she did not work for any of the companies that owned the Loan prior to Ocwen's appointment as the Loan servicer. *Id.* However, the affidavit establishes that Wilson is competent to provide testimony in her capacity as a "duly authorized

6

signor" of Ocwen, which is the Bank's records custodian and mortgage servicer. Pl.'s App. 2. The affidavit further sets out facts that would be admissible in evidence based on Wilson's personal knowledge of the Loan documents. *See id.* 2-4. Wilson's affidavit is a competent business records affidavit, and Pitre's objection is overruled.

Pitre argues that, regardless of any Loan default, the Bank lacks authority to foreclose on the Property because the Bank does not own the Note and is not a proper assignee of the Deed of Trust. However, the summary judgment evidence establishes that the Note has been indorsed in blank, and the Bank is the current holder of the Note. Pl.'s App. 10; *see also id.* 4. The Bank also is the beneficiary of the Deed of Trust through a chain of duly recorded assignments. Pl.'s App. 12, 62, 67, & 70. To the extent Pitre contends any of the assignments are "bogus," his assertions are conclusory and insufficient to create a fact issue as to the authenticity of the certified copies of the documents offered by the Bank. *See* Fed. R. Evid. 902(4).

Pitre contends that the various Loan assignments are defective, and thus invalid, because of missing dates and inconsistencies with notary certificates. But, Pitre is judicially estopped from arguing that the assignments are invalid because he previously took the position in the bankruptcy court—and obtained a discharge on the basis of his position—that the Bank held a valid lien and security interest against the Property. *See In re Rolling*s, 451 F. App'x 340, 348 (5th Cir.

7

2011) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."). Pitre also contends that the Loan assignments are invalid because they violated the terms of the pooling and servicing agreement ("PSA") that governs the securitization.[1] Pitre, however, lacks standing to challenge the assignment on this ground because he is neither a party to the PSA nor an intended third-party beneficiary of the PSA. *See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013).

Pitre further challenges the Bank's authority to foreclose on the ground that the Bank did not provide proper notice of acceleration. Under Texas law, "[e]ffective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex.2001); *Karam v. Brown*, 407 S.W.3d 464, 469 (Tex. App. – El Paso 2013, no pet.) ("To lawfully exercise an option to accelerate upon default provided by a note or deed of trust, the lender must give the borrower both notice of intent to accelerate and notice of acceleration, and in the proper sequence."). Notice of intent to accelerate is necessary to provide a borrower the opportunity to cure his default prior to incurring the consequences of acceleration and

---

[1] The Bank objects to the PSA Pitre offers in support of his summary judgment response on grounds that the PSA (1) lacks foundation; (2) is immaterial and irrelevant; and (3) is not a full, true and correct copy of the entire document. Pl.'s Reply 2 (ECF No. 18). Because it is not necessary for the Court to review the PSA to dispose of the issue regarding the Bank's authority, the Court overrules the Bank's objections as moot.

8

foreclosure. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982). Notice of acceleration cuts off the borrower's right to cure his default and gives notice that the entire debt is due and payable. *Id.* In this case, the Bank has adduced evidence that it sent Pitre notice of intent to accelerate in the form of a default notice dated May 26, 2016. This notice clearly provided Pitre an opportunity to cure his default and explained that the Bank may initiate foreclosure proceedings if he did not cure the default. Pitre appears to argue that the Bank has not shown that he received the default notice. But, receipt is not required; service was complete when the notice was deposited in the U.S. Mail, postage prepaid, addressed to Pitre at his last known address as shown by the Bank's records. *See* Tex. Prop. Code Ann. § 51.002(e). The Bank's evidence establishes that the May 26, 2016 notice of default was sent to Pitre by certified mail, return receipt requested, "postage paid," to Pitre at the last address known to the Bank. Pl.'s App. 2, 85. The Bank's complaint in this action serves as adequate notice of acceleration. *See Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action."); *accord Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.) ("[N]otice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration."). The Court finds that the Bank properly accelerated the Loan

9

maturity. The Court further concludes that, based on the summary judgment record, no reasonable jury could find the Bank lacks authority to foreclose on the Property pursuant to the Note and Deed of Trust.

Pitre argues that any attempt to foreclose on the Property is barred by limitations. Under Texas law, a lender must foreclose on a "real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a). "If a note contains an optional acceleration clause, defaulting on the note does not automatically begin the statute of limitations . . . . [r]ather, the statute of limitations does not start to run until the holder of the note actually exercises its option to accelerate." *Justice v. Wells Fargo Bank Nat'l Ass'n*, 2016 WL 7240195, at *2 (5th Cir. 2016) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). The summary judgment record includes a written "Notice of Acceleration" dated December 26, 2012 sent to Pitre by the Bank's foreclosure counsel. See Def.'s App. 46. The Bank admits that this letter initially triggered the four-year statute of limitations on December 26, 2012. Pl.'s Br. at 9, ¶22.

Abandoning acceleration before the limitations period expires restores the contract to its original condition, including the note's original maturity date. *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1 Dist.] 2012, no pet.); *Holy Cross*, 44 S.W.3d at 567; *Clawson v. GMAC Mortg., LLC*, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). Thus, if a noteholder abandons

10

acceleration, it no longer must foreclose within four years from the date of acceleration. Texas courts and courts in this circuit have held that "the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." *Khan*, 371 S.W.3d at 356 (citing *San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (Tex. 1901)); *Clawson*, 2013 WL 1948128, at *3. Accepting payments on a note while opting not to pursue other remedies indicates abandonment of acceleration, but a noteholder also may abandon acceleration by other actions, including providing account statements seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters. *See Boren v. U.S. Nat'l Bank Ass'n*, 2014 WL 6892553, at *3 (S.D. Tex. Sept. 8, 2014) (citing *Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 4161769, at *5 (S.D. Tex. Aug. 19, 2014) (holding that account statements put debtor on notice that lender had abandoned previous acceleration)), *rec. adopted in relevant part*, 2014 WL 5486100 (S.D. Tex. Oct. 29, 2014). Joint action of the parties is not required to abandon the acceleration. Rather, a noteholder may abandon the acceleration unilaterally. *See Clawson*, 2013 WL 1948128, at *4 (citing cases for proposition that lender may abandon acceleration "without express agreement from the borrower").

On May 26, 2016, the Bank sent Pitre a new default letter seeking to collect payments in an amount less than the full balance of the Loan. Pl.'s App. 77. The May 26, 2016 letter thus sufficed to put Pitre on notice that the Bank had

11

abandoned its earlier acceleration. *See Meachum v. Bank of N.Y. Mellon Trust Co.*, 2015 WL 765982 (N.D. Tex. Feb. 20, 2015) (Godbey, J.), *aff'd*, 636 F. App'x 210 (5th Cir. 2016) (concluding that a subsequent notice of default for less than the full amount effectively communicates to the borrower that the lender no longer considers the note accelerated). Because the Bank abandoned the acceleration within four years of the December 26, 2012 acceleration, the Note was restored to its original maturity date, and the Bank was no longer required to foreclose within four years of the December 26, 2012 acceleration. The May 26, 2016 letter reset the limitations clock. The Bank is thus entitled to summary judgment on Pitre's limitations defense.

The Bank moved for summary judgment on each of Pitre's asserted affirmative defenses. However, Pitre did not respond to the Bank's arguments concerning his res judicata and lack of subject matter jurisdiction defenses. Accordingly, the Court finds Pitre abandoned these last affirmative defenses, and the Bank is entitled to summary judgment as to all of Pitre's affirmative defenses. The Court should grant the Bank's summary judgment motion and enter an order of judicial foreclosure against the Property as the Bank's remedy for Pitre's breach of contract.

## RECOMMENDATION

For the foregoing reasons, the Bank's summary judgment motion (ECF No. 12) should be GRANTED.

**SO RECOMMENDED**.

September 6, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).