IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT5,<br><br>    Plaintiff,<br><br>v.<br><br>TRAVIS RENE PITRE AND JOSEPH G. WILMOTH,<br><br>    Defendants. | Case No. 3:17-cv-03177-N-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this foreclosure case is an "Emergency Motion to Vacate Judgment for Fraud on the Court Via a Blank Indorsement Supported by Evidence" (ECF No. 33), filed by *pro se* Defendant Travis Rene Pitre. For the reasons stated, Pitre's Motion should be DENIED.

**Background**

Pitre's Motion is his latest attempt to obtain a favorable ruling in this 2017 lawsuit in which the Fifth Circuit recently affirmed the District Court's Final Judgment in favor of Plaintiff Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5 (Wells Fargo). Wells Fargo sued Defendants Travis Rene Pitre and

1

Joseph G. Wilmoth on November 20, 2017 seeking to judicially foreclose on certain real property located in Dallas County, Texas. Compl. at 1-2 (ECF No. 1). Pitre filed an Answer (ECF No. 6). As for Wilmoth, he and Wells Fargo filed an Agreed Motion for Entry of Agreed Judgment (ECF No. 8) as to Wilmoth Only on January 4, 2018, and the District Court entered the Agreed Judgment (ECF No. 10) on January 8, 2018.

The District Court then referred this case to the United States Magistrate Judge for pretrial management. Order of Reference (ECF No. 9). Wells Fargo filed a Motion for Summary Judgment (ECF No. 12), and the Magistrate Judge entered formal Findings, Conclusions, and a Recommendation (FCR) (ECF No. 21) that the District Court grant Wells Fargo's Motion for Summary Judgment. Over Pitre's written Objections (ECF No. 22), the District Court entered an Order Accepting (ECF No. 23) the FCR on September 24, 2018. Then, Wells Fargo filed a Motion for Entry of Final Judgment (ECF No. 24) on October 1, 2018. Pitre filed a Motion for Reconsideration of the Order Accepting (ECF No. 25) on October 2, 2018, and Wells Fargo filed a Response (ECF No. 26) on October 17, 2018.

At this juncture, Pitre commenced his appeal by filing a Notice of Interlocutory Appeal to the Fifth Circuit Court of Appeals (ECF No. 27) on October 24, 2018. Then, after Pitre had begun his appeal, the District Court granted Wells Fargo's Motion for Entry of Final Judgment and, in construing it as a motion under Federal Rule of Civil Procedure 59(e), denied Pitre's Motion for Reconsideration on November 29, 2018, and entered a Final Judgment (ECF No. 32) the same day.

On December 4, 2018, Pitre filed the pending Motion to Vacate. Wells Fargo did not file a response, so the Court considers the Motion without the benefit of a response.

On June 17, 2019, the Fifth Circuit filed both an unpublished opinion and judgment affirming the District Court's ruling that Wells Fargo is the owner of the note and beneficiary of the deed of trust affecting the subject property, authorizing judicial foreclosure for Wells Fargo. *Wells Fargo Bank Nat'l Ass'n as Tr. for Soundview Home Loan Tr. 2007-OPT5 v. Pitre*, 18-11380, 2019 WL 2511738, at *1 (5th Cir. June 17, 2019). The Fifth Circuit's opinion (ECF No. 35) and judgment (ECF No. 36) were filed on the docket in this case on July 9, 2019.

## Legal Standards and Analysis

As a threshold matter, the Court must determine the proper legal standard for analyzing Pitre's Motion. The Fifth Circuit has explained how courts should construe motions asking the court to reconsider a prior ruling. *E.g.*, *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) Generally, such a motion "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* (internal citations omitted)); *see also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) ("[W]e hold that any post-

3

judgment motion to alter or amend the judgment served within [28] days after the entry of the judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed. R. App. P. 4(a)(4). If, on the other hand, the motion asks for some relief other than correction of a purely clerical error and is served after the [28]-day limit, then Rule 60(b) governs its timeliness and effect. A bright-line rule is essential . . . ."). Here, Pitre filed his Motion within 28 days of the Final Judgment; therefore, the Court construes the Motion as a Rule 59(e) motion to alter or amend a judgment.

As stated, Pitre's earlier-filed Motion to Reconsider was construed as a Rule 59(e) motion and denied by the District Court. Order at 1 (ECF No. 31). Although that motion was filed in response to the District Judge's Order Accepting the Magistrate Judge's FCR, the Final Judgment Pitre now challenges was based on the FCR and entered in conformity with the Order Accepting. In essence, Pitre has already filed a Rule 59(e) challenge to the legal reasons supporting the Final Judgment, as the Final Judgment made no additional legal determination and only recited the value of Pitre's debt after Wells Fargo provided that information to the Court. The District Court entered the Final Judgment on the same day it granted Wells Fargo's Motion for Entry of Final Judgment and denied Pitre's first Rule 59(e) motion. Thus, where Pitre has advanced no new arguments, the present Motion necessarily asks the Court to reconsider its denial of Pitre's earlier Motion to Reconsider. But "[t]he federal rules do not provide for a motion requesting a

4

reconsideration of a denial of a reconsideration." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (citing *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) (emphasizing that successive motions for reconsideration are "condemned by well-established authority" in the Fifth Circuit)). For this reason, the District Court should deny Pitre's successive Rule 59(e) motion.

The Court must construe Pitre's Motion under Rule 59(e) though he styles it a Rule 60(d)(3) motion; however, even if the Court considered the Motion under Rule 60(d)(3), he would not be entitled to relief. *Harcon Barge*, 784 F.2d at 667; Mot. at 1 ("This motion is made pursuant to *Federal Rule of Civil Procedure 60(d)(3)* . . . .") (emphasis in original). A party may seek relief from a judgment or court order under Federal Rule of Civil Procedure 60. Under Rule 60(d)(3), a court may "set aside a judgment for fraud on the court[,]" and other provisions within Rule 60 do "not limit a court's power to" do so. To prevail on his Rule 60(d)(3) Motion, Pitre has the burden to establish that there was fraud on the court by clear and convincing evidence. *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 441 F.2d 631, 636 (5th Cir. 1971) (collecting cases). Establishing fraud on the court requires proving "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978) (quotation omitted). Fraud on the court is a "narrow concept" and "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a

fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner . . . ." *Wilson*, 873 F.2d at 872. A Rule 60(d)(3) motion alleging fraud on the court is "not subject to any time limitation." *Rozier*, 573 F.2d at 1337–38.

      Pitre fails to explain how a fraud on the court occurred and instead parrots the same general arguments he made in his Answer, Answer at 4-6, ¶¶ 25-40 (claiming that Wells Fargo's claims are based on "fraudulent documents"); in his Summary Judgment Response, Resp. at 7-11, 13 (ECF No. 15) (arguing similarly that many of Wells Fargo's supporting documents are "fraudulent" or "fabricated"); in his Objection to the FCR, Obj. at 2 ("The Plaintiff should not be given the legal presumption that one piece of evidence [it] submit[s] in this lawsuit is a valid representation of the facts and not a misrepresentation for their own financial gain."); and in his Motion for Reconsideration, Mot. at 1 (discussing Wells Fargo's "fraudulent documents" and "misrepresentation in . . . pleadings[]"). For example, Pitre argues that he demonstrated that a "blank endorsement" was "fraudulently submitted as evidence to claim holder of [his] note and to deceive the court into granting [Wells Fargo's] claim [to] the property . . . ." Mot. at 2. He re-urges that Wells Fargo "is not in possession of" his note. *Id*. As best as the Court can tell, Pitre continues to attack the validity of any assignment of his loan by asserting that Wells Fargo presented incorrect, inaccurate, or doctored documents as evidence.

Pitre has failed to bring any evidence demonstrating a fraud on the court. The allonge documents that Pitre attached to his Motion were already considered in the FCR addressing Wells Fargo's summary judgment motion. Pl.'s App. at 6 (ECF No. 14-2); Def.'s App. (ECF Nos. 33-1 & 33-2). Pitre's new argument that the loan number referenced on the Allonge, which had been redacted on the exhibits submitted to the Court on summary judgment, is different from loan numbers on other documents created by different lenders and servicers does not establish that the Allonge is fraudulent or that Wells Fargo is not the current holder of the Texas Home Equity Note at issue. To the extent the attached Homeward Residential notice (ECF No. 33-3) has not previously been addressed by this Court, Pitre has failed to explain how its existence amounts to a "species of fraud which does, or attempts to, defile the court itself . . . ." *Wilson*, 873 F.2d at 872. If Pitre argues that Wells Fargo hid documents from him or the Court, it is a "well-settled rule that the mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60[(d)(3)]." *Haskett v. W. Land Servs., Inc.*, 761 F. App'x 293, 297 (5th Cir. 2019) (per curiam) (internal quotation marks omitted) (citing *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980) (collecting authorities)). Pitre has failed to prove fraud on the court by clear and convincing evidence, so his Rule 60(d)(3) Motion should be denied on that basis.

## Recommendation

For the reasons stated, the District Court should DENY Defendant Travis Rene Pitre's Motion to Vacate (ECF No. 33).

**SO RECOMMENDED**.

July 12, 2019.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).